**Paul BRICKNER, Plaintiff–Appellant,**

v.

**George V. VOINOVICH, et al., Defendants–Appellee.**

**No. 01–3598.**

United States Court of Appeals, Sixth Circuit.

Dec. 20, 2002.

Before KENNEDY and GILMAN, Circuit Judges; and SARGUS, District Judge.*

## OPINION

PER CURIAM.

The district court denied a motion to reconsider its previous denial of a motion to alter or amend its judgment under Federal Rule of Civil Procedure 59(e). This appeal followed. For the reasons that follow, the district court's decision is **AFFIRMED.**

### I.

Appellant, Paul Brickner, simultaneously served as an elected member of the Ohio State Board of Education and as a full-time federal Administrative Law Judge ("ALJ") for the Social Security Administration. While Appellant was serving as the President of the Board of Education, a majority of the board, including Appellant himself, voted to seek an advisory opinion from the state Attorney General to clarify the application of Ohio Revised Code § 3301.031 (now amended and renumbered), a statute specifying the qualifications and salary of Board of Education members. That statutory provision prohibited any board member from holding "any other pubic position of trust or profit" during his or her term of office. Ohio Rev.Code § 3301.031 (Baldwin 1988).

The Attorney General issued an opinion in January 1991. He concluded that an ALJ held a "public position of trust" under the statute and that a board member may not simultaneously serve as an ALJ. *See* 91 Op. Ohio Att'y Gen. 001–2–5 (1991). Based on that opinion, the State Superintendent of Education asked then-Governor and Appellee herein, George V. Voinovich, to appoint a replacement for Appellant's seat on the State Board of Education. In August of 1991, the Governor appointed a replacement.

Appellant sued for declaratory and injunctive relief seeking reinstatement to his former position on the State Board of Education. Following a hearing on a preliminary injunction, the district court dismissed the case. Appellant appealed. By published opinion, this Court affirmed the decision of the district court to dismiss the action. *Brickner v. Voinovich,* 977 F.2d 235 (6th Cir.1992).

Almost six (6) years later, Appellant moved for relief from the district court's judgment. The district court denied the motion for relief from judgment, and Appellant once again appealed. Ruling from

---

* The Honorable Edmund A. Sargus, Jr., United States District Court for the Southern District of Ohio, sitting by designation.

the bench, this Court again affirmed the trial court's decision. *Brickner v. Voinovich*, 221 F.3d 1333, 2000 WL 876528 (6th Cir. June 22, 2000) (unreported).

Then, in early 2001, Appellant moved the district court to clarify the record and requested reconsideration of the matter. The district court granted the motion to clarify, construed the request to reconsider as a motion under Federal Rules of Civil Procedure 59(e) and 60(b) to alter or amend the judgment and ultimately denied the motion. Appellant filed a motion for reconsideration of the denial of his motion to alter or amend and a "Motion upon Review." The district court denied those motions. It is from these decisions that Appellant now appeals.

## II.

This Court reviews a denial of a motion for reconsideration of its decision to deny the motion to alter or amend the judgment under the abuse of discretion standard. *See Curry v. Scott*, 249 F.3d 493, 503 (6th Cir.2001) ("We review the denial of plaintiffs' motion for reconsideration for an abuse of discretion."); *see also Morales v. American Honda Motor Co., Inc.*, 151 F.3d 500, 518 (6th Cir.1998) (stating that review of denial of Rule 59(e) motion is ordinarily for abuse of discretion). We conclude that the district court did not abuse its discretion within the meaning of Rules 59(e) and 60(b) when it refused to reconsider that order. Appellant has done no more here than repeat and belabor the same arguments that he raised in his first two appeals before this Court. This Court has explicitly considered all of Appellant's arguments and has previously reviewed all relevant material.[1] The Court has passed

on all of the subjects that Appellant attempts to revive in this appeal. *See Brickner*, 977 F.2d at 237–38. Because the Court has already upheld the district court on the same issues raised here, it will once again affirm the decision of the district court to deny the motion for reconsideration of the denial of the motion to alter or amend.

## III.

We conclude that no meritorious grounds exist for reversal of the trial court on the record before us. We therefore **AFFIRM** the judgment of the district court.

---

1. Appellant suggests that a factual issue exists in that the record in 1999 did not contain the district court's September 6, 1991 Memorandum Opinion and Order overruling his motion for a temporary restraining order and scheduling a hearing on the merits. Even if the order was missing from the record in 1999, the document was before the Court in the parties' Joint Appendix in the last appeal and before the district court when it denied Appellant's Rule 60(b) motion.